IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAZEN ALI, *individually and on* §
*behalf of all others similarly situated,* §
§
　　　Plaintiff, §
§
v. §　　CIVIL ACTION NO.  4:20-cv-02605
§　　　　　　JURY DEMAND
THE TEXAS A&M UNIVERSITY §
SYSTEM et al., §
§
　　　*Defendants.* §

---

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

---

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney
General

DARREN L. MCCARTY
Deputy Attorney General for Civil
Litigation

THOMAS A. ALBRIGHT
Division Chief - General Litigation

DOMINIQUE G. STAFFORD
Attorney-in-charge
Texas Bar No.  24079382
Southern District No. 3195055
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667
dominique.stafford@oag.texas.gov
**COUNSEL FOR DEFENDANTS**

## TABLE OF CONTENTS

BACKGROUND ................................................................................................. 4

STANDARD OF REVIEW .................................................................................. 6

ARGUMENT ...................................................................................................... 7

   1.   Sovereign Immunity Bars All Claims Against Defendants. ......................... 7

   2.   Defendants are not "Persons" capable of being sued .................................... 9

   3.   The Eleventh Amendment bar on monetary relief mandates dismissal of Plaintiff's claims .......................................................................... 9

   4.   All State claims are barred in Federal Court .............................................. 12

   5.   *Ex parte* Young has no application here .................................................... 12

CONCLUSION .................................................................................................. 13

CERTIFICATE OF SERVICE ........................................................................... 14

## TABLE OF AUTHORITIES

Cases

Alden v. Maine,
  527 U.S. 706 (1999) ............................................................................ 7

*Auracle Homes, LLC v. Lamont,*
  2020 U.S. Dist. LEXIS 141500 (D. Conn. Aug. 7, 2020) .......................... 2

*Barrera-Montenegro v. U.S. & Drug Enf't Admin.,*
  74 F.3d 657 (5th Cir. 1996) .................................................................. 7

*Bay Point Properties, Inc. v. Mississippi Transp. Comm'n,*
  937 F.3d 454 (5th Cir. 2019) ............................................................ 9, 10

*Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't,*
  No. 4:17-CV-181, 2020 WL 5345390 (S.D. Tex. Sept. 4, 2020) ................ 9

*Chhim v. Univ. of Tex. at Austin,*
  836 F.3d 467 (5th Cir. 2016) ................................................................ 8

*Clark v. Tarrant County,*
  798 F.2d 736 (5th Cir. 1986) ................................................................ 9

*Elmsford Apartment Assocs., LLC v. Cuomo,*
  2020 U.S. Dist. LEXIS 115354 (S.D.N.Y. June 29, 2020) ......................... 2

*Eustice v. Texas A&M Univ.,* 4:15-cv-3180,
  2016 WL 8710444 (S.D. Tex. 2016) ....................................................... 8

*Friends of Devito v. Wolf,*
  227 A.3d 872 (Pa. 2020) .................................................................. 2, 5

*Gay Student Servs. v. Texas A&M Univ.,*
  737 F.2d 1317 at n.28 (5th Cir. 1984).................................................... 8

ii

*Guajardo v. State Bar of Tex.*,
    803 F. App'x 750 (5th Cir. 2020) ............................................................ 10


*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*,
    143 F.3d 1006 (5th Cir. 1998) .................................................................. 6


*Jackson v. Texas Southern University*,
    997 F. Supp. 2d 613 (S.D. Tex. 2014) ..................................................... 8


*John G. and Marie Stella Kennedy Mem'l Found. v. Mauro*,
    21 F.3d 667 (5th Cir. 1994) ................................................................... 10


*K.P. v. LeBlanc*,
    729 F.3d 427 (5th Cir. 2013) ................................................................ 12


*Knick v. Twp. of Scott*,
    139 S. Ct. 2162 (2019) ......................................................................... 13


*Laredo Rd. Co. v. Maverick Cty., Texas*,
    389 F. Supp. 2d 729 (W.D. Tex. 2005) ................................................. 11


*Leb. Valley Auto Racing Corp. v. Cuomo*,
    2020 U.S. Dist. LEXIS 143223 (N.D.N.Y. Aug. 11, 2020) ...................... 2


*Loretto v. Teleprompter Manhattan CATV Corp.*,
    458 U.S. 419 (1982) ............................................................................. 11


*Lucas v. S.C. Coastal Council*,
    505 U.S. 1003 (1992) ........................................................................... 11


*McCarthy v. Cuomo*,
    2020 U.S. Dist. LEXIS 107195 (E.D.N.Y. June 18, 2020) ...................... 2


*Martinez v. Tex. Dep't of Criminal Justice*,
    300 F.3d 567 (5th Cir. 2002) ................................................................ 10

iii

*McMurtray v. Holladay,*
   11 F.3d 499 (5th Cir. 1993) ................................................................................ 10

MDPhysicians & Assoc., Inc. v. State Bd. of Ins.,
   957 F.2d 178 (5th Cir. 1992) ................................................................................ 7

*Moran v. Kingdom of Saudi Arabia,*
   27 F.3d 169 (5th Cir. 1994) ................................................................................. 7

*Pcg-Sp Venture v. Newsom,*
   2020 U.S. Dist. LEXIS 137155 (C.D. Cal. June 23, 2020) ..................................... 2

*P.R. Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.,*
   506 U.S. 139 (1993) ............................................................................................ 7

*Penn Cent. Transp. Co. v. New York City,*
   438 U.S. 104 (1978) ........................................................................................... 11

Pennhurst State Sch. & Hosp. v. Halderman,
   465 U.S. 89 (1984) ......................................................................................... 7, 12

*Pennhurst,*
   465 U.S. ............................................................................................................ 10

*Pequeno v. Univ. of Tex. at Brownsville,*
   718 F. App'x 237 (5th Cir. 2018) ....................................................................... 10

*Perez v. Region 20 Educ. Serv. Ctr.,*
   307 F.3d 318 (5th Cir. 2002) .............................................................................. 10

*Ramming v. United States,*
   281 F.3d 158 (5th Cir. 2001) ............................................................................... 7

*Ruhrgas AG v. Marathon Oil Co.,*
   526 U.S. 574, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ..................................... 7

*Saenz v. Univ. Interscholastic League,*
    487 F.2d 1026 (5th Cir. 1973) ................................................................. 8

*Savage v. Mills,*
    2020 U.S. Dist. LEXIS 141628 (D. Me. Aug. 7, 2020) ............................. 2

*Sessions v. Rusk State Hosp.,*
    648 F.2d 1066 (5th Cir. 1981) ................................................................. 9

*Sissom v. Univ. of Tex. High Sch.,*
    927 F.3d 343 (5th Cir. 2019) ................................................................... 8

*Stockman v. Fed. Election Comm'n,*
    138 F.3d 144 (5th Cir. 1998) ................................................................... 6

*Stotter v. University of Texas at San Antonio,*
    508 F.3d 812 (5th Cir. 2007) ................................................................... 9

*Tahoe-Sierra Pres. Council* v. *Tahoe Reg'l Planning Agency,*
    535 U.S. 302 (2002) ......................................................................... 11, 12

*Talleywhacker, Inc. v. Cooper,*
    2020 WL 3051207 (E.D.N.C. June 8, 2020) ............................................ 2

*Taylor v. Texas Southern University,*
    Civil Action No. 4:12-CV-01975, 2013 WL 3157529 ............................... 7

*TJM 64, Inc. v. Harris,*
    2020 U.S. Dist. LEXIS 134037 (W.D. Tenn. July 29, 2020) .................... 2

*United States Oil Recovery Site Potentially Responsible Parties Grp. v. R.R. Comm'n of Tex.,*
    898 F.3d 497 (5th Cir. 2018) ................................................................... 8

*Villanueva v. Texas Tech Univ.,*
Civil Action No. 5:10-CV-186-C, 2010 WL 11465139, at *2
(N. D. Tex. Dec. 17, 2010) ........................................................................ 8

*Will v. Mich. Dep't of State Police,*
   491 U.S. 58 (1989) ........................................................................... 9

*Xponential Fitness v. Arizona,*
   2020 U.S. Dist. LEXIS 123379 (D. Ariz. July 14, 2020) ........................... 2

*Zentgraf v. Texas A&M Univ.,*
   492 F. Supp. 265 (S.D. Tex. 1980) ...................................................... 8

Statutes

Tex. Educ. Code § 86.02 ...................................................................... 8

TEX. GOV'T. CODE ANN. § 572.002(10)(B) ............................................. 8

U.S. Const. Amend. V ......................................................................... 11

Rules

Federal Rules of Civil Procedure 12(b)(1) ............................................. 4, 6, 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAZEN ALI, *individually and on* *behalf of all others similarly situated,* | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.  4:20-cv-02605 |
| THE TEXAS A&M UNIVERSITY SYSTEM et al., | § § § § | JURY DEMAND |
| *Defendants.* | § | |

---

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

---

The Texas A&M University System ("A&M System") and the Texas A&M University System Board of Regents ("Board of Regents")[1] or ("Defendants") are state agencies created by the Texas State Legislature and provides oversight and leadership for 11 universities, seven state agencies and a health science center.   In the Spring of 2020, Defendants were met with an unprecedented crisis that required swift action to protect the health and wellbeing of its students, faculty, and staff.   In a prompt call to action by the state and local mandates, universities transitioned their

---

[1] Plaintiff has sued the following in their official capacities: Elaine Mendoza, Tim Leach, Phil Adams, Robert L. Albritton, Jay Graham, Michael A. Hernandez III, Bill Mahomes, Michael J. Plank, and Cliff Thomas heretofore known as the "Board of Regents."

1

academic curriculum to a remote environment while keeping the university open.[2] While the method of delivery of students' educational programming looked different during those last few weeks of the semester, the universities expended great effort and resources to minimize disruptions to students and ensure they could still earn full credit for their coursework.

COVID-19 is one of the deadliest threats this country has ever faced.  Texas alone counts for over 700,000 total cases[3] not to mention that students come from all over the United States and the world to attend the A&M Universities.  Defendants made the best decision it could in trying times to save lives.  In thanks, it has been met with this lawsuit, one of many filed against colleges and universities nationwide that took steps similar to all universities in protecting the student body.  The flaw with this case is that it rests on takings claims that have been universally unsuccessful in court[4] and both the takings and due process claims are barred by

---

[2] https://www.tamus.edu/wp-content/uploads/2020/03/3.23.2020_COVID-19_Refund-Guidance.pdf

[3] https://www.nytimes.com/interactive/2020/us/texas-coronavirus-cases.html.

[4] *See, e.g.*, *Leb. Valley Auto Racing Corp. v. Cuomo*, 2020 U.S. Dist. LEXIS 143223 (N.D.N.Y. Aug. 11, 2020); *Auracle Homes, LLC v. Lamont*, 2020 U.S. Dist. LEXIS 141500 (D. Conn. Aug. 7, 2020); *Savage v. Mills*, 2020 U.S. Dist. LEXIS 141628 (D. Me. Aug. 7, 2020); *TJM 64, Inc. v. Harris*, 2020 U.S. Dist. LEXIS 134037 (W.D. Tenn. July 29, 2020); *Xponential Fitness v. Arizona*, 2020 U.S. Dist. LEXIS 123379 (D. Ariz. July 14, 2020); *Elmsford Apartment Assocs., LLC v. Cuomo*, 2020 U.S. Dist. LEXIS 115354 (S.D.N.Y. June 29, 2020); *Pcg-Sp Venture v. Newsom*, 2020 U.S. Dist. LEXIS 137155 (C.D. Cal. June 23, 2020); *McCarthy v. Cuomo*, 2020 U.S. Dist. LEXIS 107195 (E.D.N.Y. June 18, 2020); *Talleywhacker, Inc. v. Cooper*, 2020 WL 3051207 (E.D.N.C. June 8, 2020); *Friends of Devito v. Wolf*, 227 A.3d 872 (Pa. 2020).

sovereign immunity.  Plaintiff alleges that by transitioning instruction to a remote environment the university provided a materially deficient and insufficient alternative to what was originally contracted.[5]   First and most fundamentally, the Complaint does not refer to any specific contract term that Defendants breached with respect to tuition, fees, or any other costs.  Instead, Plaintiff makes a veiled breach of contract claim by bringing due process and takings claims solely on aspirational statements from Texas A&M University's website regarding it campus and community.  This does not amount to any form of violation of due process or takings.  Indeed, the complaint repeatedly acknowledges that Plaintiff was provided educational services in the form of online classes.  Plaintiff cannot point to any obligation that Defendants had to provide in-person instruction, provide on-campus services, or offer a partial refund for on-line instruction.  Further, Defendants, as state institutions, are protected by sovereign immunity.  Plaintiff now brings these claims to take advantage of Defendants in the middle of a crisis for doing the best thing by protecting hundreds of thousands of students lives while simultaneously providing the top tier education expected.

Sovereign immunity bars all claims against A&M System and the Board of Regents. Additionally, Defendants are not persons that can be sued under Plaintiff's claims.  Not only is Plaintiff's takings claims barred, but Plaintiff has not and cannot articulate a discernible takings claim.  Finally, Plaintiff attempts to bring state law claims which are barred in federal court. The entire educational community shared

---

[5] ECF No. 10 at ¶ 3.

the same burden and acted in the same way, all moved their classes online.  To say Plaintiff is at a disadvantage is categorically untrue.

For these reasons, Defendants respectfully request that Plaintiff's claims be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1).

## BACKGROUND

Plaintiff is currently an undergraduate student at Texas A&M University ("TAMU").[6] He alleges that he paid to attend the Spring 2020 semester at TAMU to enable him to obtain an in-person, on-campus educational experience, and to participate in the activities and utilize the services traditionally accessible to students on campus.[7]

On March 16, 2020, in response to the COVID-19 crisis, TAMU cancelled all face-to-face classes.[8]  A&M System encouraged its Universities to find safe ways to hold class and to follow all guidelines from local authorities, state government, the CDC, and the White House Coronavirus Task Force regarding all aspects of the response to the pandemic.[9]  A&M System offered assistance and reimbursement of housing and dining to be determined by each university's CEO.[10]  While in-person classes were no longer offered, regular courses were still being conducted online and

---

[6] ECF No. 10, at ¶ 7.

[7] *Id.* at ¶ 8.

[8] https://registrar.tamu.edu/Catalogs,-Policies-Procedures/Academic-Calendar

[9] https://www.tamus.edu/wp-content/uploads/2020/03/3.18.2020_COVID-19-LTR-from-Chancellor.pdf

[10] https://www.tamus.edu/wp-content/uploads/2020/03/3.23.2020_COVID-19_Refund-Guidance.pdf

course credits were still issued.   At the time many universities made the decision to suspend classes and go online, Governor Abbott had declared a state of disaster due to the imminent threat posed by COVID-19[11] and the CDC's national forecast from April suggested that there could be over 100,000 deaths by May if contact reduction did not take place.[12]   COVID-19 is mostly spread by respiratory droplets released when people talk, cough, or sneeze.[13]   The CDC forecast the risk as:[14]

**Institute of Higher Education (IHE) General Settings**

- **Lowest Risk:** Faculty and students engage in virtual-only learning options, activities, and events.
- **More Risk:** Small in-person classes, activities, and events. Individuals remain spaced at least 6 feet apart and do not share objects (e.g., hybrid virtual and in-person class structures or staggered/rotated scheduling to accommodate smaller class sizes).
- **Highest Risk:** Full-sized in-person classes, activities, and events. Students are not spaced apart, share classroom materials or supplies, and mix between classes and activities.

**IHE On-Campus Housing Settings**

- **Lowest Risk:** Residence halls are closed, where feasible.
- **More Risk:** Residence halls are open at lower capacity and shared spaces are closed (e.g., kitchens, common areas).
- **Highest Risk:** Residence halls are open at full capacity including shared spaces (e.g., kitchens, common areas).

---

[11] Proclamation by the Governor of the State of Texas, March 13, 2020, available at https://gov.texas.gov/uploads/files/press/DISASTER_covid19_disaster_proclamation_IMAGE_03-13-2020.pdf.

[12] https://www.cdc.gov/coronavirus/2019-ncov/covid-data/forecasting-us-previous.html.

[13] https://www.cdc.gov/coronavirus/2019-ncov/community/colleges-universities/considerations.html.

[14] *Id.*

With those type of projections and the reality of having students come back from spring break that had been all over the country, universities made the decision to move to online classes.   This lawsuit is simple:   Defendants retain sovereign immunity, student's due process rights were not violated, and no taking occurred because students resumed their regular classes online.

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."[15]   "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case."[16] Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter. A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the

---

[15] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

[16] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

court must find jurisdiction before determining the validity of a claim."[17] The burden

of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[18]

In deciding such a motion, a court is free to weigh the evidence to ensure that

it has power over the case.[19] A court may rely on: the complaint alone; the complaint

supplemented by undisputed facts in the record; or the complaint supplemented by

undisputed facts in addition to the court's resolution of disputed facts.[20]

### RULE 12(B)(1)
ARGUMENT

### 1. Sovereign Immunity Bars All Claims Against Defendants.

Absent waiver or consent, sovereign immunity[21] bars this federal lawsuit

against Defendants (as arms of the State of Texas) regardless of the relief sought.[22]

---

[17] *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ("The requirement that jurisdiction be established as a threshold matter…is inflexible and without exception") (citation and internal quotation marks omitted).

[18] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Taylor v. Texas Southern University*, Civil Action No. 4:12-CV-01975, 2013 WL 3157529, at * (S.D. TX June 20, 2013).

[19] *MDPhysicians & Assoc., Inc.* v. *State Bd. of In*s., 957 F.2d 178, 181 (5th Cir. 1992).

[20] *Barrera-Montenegro* v. *U.S. & Drug Enf't Admin.*, 74 F.3d 657, 659 (5th Cir. 1996).

[21] While some refer to sovereign immunity as "Eleventh Amendment immunity," that expression is a misnomer because sovereign immunity "neither derives from nor is limited by the terms of the Eleventh Amendment." *Alden* v. *Maine*, 527 U.S. 706, 713 (1999). The use of "sovereign immunity" herein is meant to encompass both the historical principle of sovereign immunity and any further immunity created by the Eleventh Amendment.

[22] *Pennhurst State Sch. & Hosp.* v. *Halderman*, 465 U.S. 89, 102 (1984); *see also P.R. Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 147 (1993)

7

Defendants are "inarguably" a state agency entitled to sovereign immunity, unless waived.[23] This basic principle is long-established, an applied consistently by federal district courts within the State of Texas.[24] A&M System is a system of higher education and a state agency created by the Texas State Legislature that is managed by a Board of Regents appointed by the Governor on the advice and consent of the Texas Senate.[25] There is simply no doubt that state universities are agencies of the state and enjoy sovereign immunity.[26] It is also well settled that claims against individuals in their official capacity are also considered a suit against the state itself and, accordingly, are also barred by Eleventh Amendment immunity.[27] And seeing

---

(state sovereign immunity forecloses suits against state agencies "regardless of the relief sought.").

[23] *See, e.g., Sissom* v. *Univ. of Tex. High Sch.*, 927 F.3d 343, 348 (5th Cir. 2019) (per curiam); *United States Oil Recovery Site Potentially Responsible Parties Grp.* v. *R.R. Comm'n of Tex.*, 898 F.3d 497, 501-02 (5th Cir. 2018); *Chhim* v. *Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam); *Saenz* v. *Univ. Interscholastic League*, 487 F.2d 1026, 1027 (5th Cir. 1973).

[24] *See, e.g., Gay Student Servs.* v. *Texas A&M Univ.*, 737 F.2d 1317, 1333 at n.28 (5th Cir. 1984); *Zentgraf* v. *Texas A&M Univ.*, 492 F. Supp. 265, 271 (S.D. Tex. 1980); *Eustice* v. *Texas A&M Univ.*, 4:15-cv-3180, 2016 WL 8710444, at *3 (S.D. Tex. 2016) ("As a state-funded institution of higher education, TAMU is an arm of the state and, therefore, immune from suit."); see also Tex. Educ. Code § 86.02.

[25] TEX. EDUC. CODE Title 3, Chap. 51, Sec. 51.353, Chap. 85, Sec. 85.01, and Chap. 86, Sec. 86.01, et seq.; see also TEX. GOV'T. CODE ANN. § 572.002(10)(B).

[26] *Jackson* v. *Texas Southern University*, 997 F. Supp. 2d 613, 623 (S.D. Tex. 2014).

[27] *See Villanueva* v. *Texas Tech Univ.*, No. 5:10-CV-186-C, 2010 WL 11465139, at *2 (N. D. Tex. Dec. 17, 2010) (citing *Will* v. *Mich. Dep't of St. Police,* 491 U.S. 58, 71 (1989)) (suit against state official in his or her official capacity is also considered suit against the state itself).

as neither the Legislature nor Defendants have waived immunity or consented to being sued, sovereign immunity remains intact and this Court lacks subject matter jurisdiction on Plaintiff's due process and takings claims.

### 2. Defendants are not "Persons" capable of being sued

What's more, the Supreme Court's unequivocal holding that state agencies, such as Defendants, are not "persons" capable of being sued under Section 1983 only further dooms Plaintiff's claims.[28]   Again, there has been no waiver of immunity under the Eleventh Amendment and as state entities Defendants are entitled to Eleventh Amendment immunity.[29]   Plaintiff's § 1983 procedural due process and takings claims must be dismissed for lack of subject-matter jurisdiction.

### 3. The Eleventh Amendment bar on monetary relief mandates dismissal of Plaintiff's claims

Recent binding case law from the Fifth Circuit and most recently in this District, confirms that Plaintiff's takings claims are barred by sovereign immunity.[30]   Here, Plaintiff seeks solely monetary damages and the Fifth Circuit has held that

---

[28]*Will* v. *Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 821 (5th Cir. 2007) (dismissing tenured professor's § 1983 procedural due process claims against the University since it was not a "person" under § 1983).

[29] *See Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981); *Clark v. Tarrant County*, 798 F.2d 736, 743 (5th Cir. 1986).

[30] *See Bay Point Properties, Inc. v. Mississippi Transp. Comm'n*, 937 F.3d 454, 456 (5th Cir. 2019) and *Canada Hockey LLC v. Texas A&M Univ. Athletic Dep't*, No. 4:17-CV-181, 2020 WL 5345390, at *7 (S.D. Tex. Sept. 4, 2020).

takings claims against a state for monetary damages under the Fifth Amendment to the United States Constitution are barred by Eleventh Amendment immunity.[31]

In *Bay Point Properties*, a property owner filed a lawsuit in federal court against a Mississippi state agency claiming that he was entitled to just compensation under the federal Takings Clause.[32]  The district court dismissed the case based on sovereign immunity and the Fifth Circuit affirmed this decision.  Given that the Fifth Circuit has squarely confronted the question of how state sovereign immunity principles should apply to a takings claim brought against a state entity, that decision should be followed here and Plaintiff's takings claims should be dismissed.

Not only does Plaintiff cite cases allegedly supporting his claim that are pre-*Bay Point*, some of his cases are in a different District Court and District. He also cites state law cases that apply to only state law claims, which cannot be brought in Federal Court.[33]  It is entirely unclear from Plaintiff's complaint what takings theory he is applying here.  The Fifth Amendment's Takings Clause states that no "private

---

[31] *John G. and Marie Stella Kennedy Mem'l Found. v. Mauro*, 21 F.3d 667, 674 (5th Cir. 1994) and *McMurtray v. Holladay*, 11 F.3d 499, 504 (5th Cir. 1993).

[32] *Bay Point Properties*, 937 F. 3d at 455.

[33] It is well-established that waivers of sovereign immunity include both whether the State may be sued and where it may be sued.  *Pennhurst*, 465 U.S. at 990.  In other words, "a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Id.* at n.9 (collecting cases); accord *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002); *Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 575 (5th Cir. 2002); *Pequeno v. Univ. of Tex. at Brownsville*, 718 F. App'x 237, 241 (5th Cir. 2018); *Guajardo v. State Bar of Tex.*, 803 F. App'x 750, 755 (5th Cir. 2020).

property [shall] be taken for public use, without just compensation."[34]  This guarantee is "'designed to bar Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'"[35] There are several takings theories and Plaintiff has not articulated a discernibly takings claims for a single one.  For example, there are two categories of regulatory action that generally will be deemed per se takings for Fifth Amendment purposes.[36] First, where government requires an owner to suffer a permanent physical invasion of his property – however minor – it must provide just compensation.[37]  This has clearly not happened here as Plaintiff is requesting a partial refund of the fees he has paid for classes.

A second categorical rule applies to regulations that completely deprive an owner of "all economically beneficial" use of his property.[38]  Anything less than a "complete elimination of value," or a "total loss," does not suffice.[39]  A "temporary restriction that merely causes a diminution in value" is not enough because

---

[34] U.S. Const. Amend. V.

[35] *Tahoe-Sierra Pres. Council* v. *Tahoe Reg'l Planning Agency*, 535 U.S. 302, 336 (2002) (quoting *Penn Cent. Transp. Co.* v. *New York City*, 438 U.S. 104, 123-24 (1978)).

[36] *Laredo Rd. Co. v. Maverick Cty., Texas*, 389 F. Supp. 2d 729, 738 (W.D. Tex. 2005).

[37] S*ee Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419 (1982) (state law requiring landlords to permit cable companies to install cable facilities in apartment buildings effected a taking).

[38] *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992).

[39] *Tahoe-Sierra*, 535 U.S. at 330.

"[l]ogically, a fee simple estate cannot be rendered valueless by a temporary prohibition on economic use, because the property will recover value as soon as the prohibition is lifted."[40]   Defendants' decision to offer online classes instead of in-person classes comes nowhere close to depriving Plaintiff of *all* value or beneficial uses. Quite the contrary, there is no allegation that any of the universities failed to provide classes, only that Plaintiff deems the classes insufficient for his learning process.   This is not a categorical taking.   Defendants did not remove all value from Plaintiff's property.   They offered the same classes with the same professors, only online.   Because Defendants have immunity from all takings theories and there is no discernible takings theory, the Court must dismiss the takings claim.

### 4.   All State claims are barred in Federal Court

Plaintiff's state constitutional claims are barred by sovereign immunity.   The Eleventh Amendment bars the adjudication of pendant state law claims against non-consenting state defendants in federal court.[41]   Therefore any claim of a state law violation is barred by immunity.

### 5.   *Ex parte* Young has no application here

Under the *Ex parte Young* exception, Eleventh Amendment immunity may be overcome when the suit "seeks prospective, injunctive relief from a state actor, in [his] official capacity, based on an alleged ongoing violation of the federal constitution."[42]

---

[40] *Id.* at 332.

[41] *Pennhurst State Sch.*, 465 U.S. at 120.

[42] *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013).

This is a money suit. Plaintiff has not sought prospective, injunctive relief. As stated above, Plaintiff retains all immunity from suit requesting monetary relief. Additionally, Courts have found there is no injunctive relief for takings violations. "Governments need not fear that our holding will lead federal courts to invalidate their regulations as unconstitutional. As long as just compensation remedies are available—as they have been for nearly 150 years—injunctive relief will be foreclosed."[43] As a result, this Court must dismiss all the claims against Defendants due to a lack of subject matter jurisdiction.

CONCLUSION

For these reasons, Defendants respectfully requests that this Court grant their Motion to Dismiss Plaintiff's Original Complaint.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

---

[43] *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2179 (2019).

13

/s/ *Dominique G. Stafford*

Dominique G. Stafford
Attorney-in-charge
Texas Bar No. 24079382
Southern District No. 3195055
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
dominique.stafford@oag.texas.gov

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Western District of Texas, Waco Division, on September 28, 2020 to:

Gary F. Lynch
Edward Ciolko
James P. McGraw
Carlson Lynch LLP
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222

*Counsel for Plaintiff*

/s/ *Dominique G. Stafford*

Dominique G. Stafford
Assistant Attorney General

14